**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| SURANI S. OLSEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:23cv-475 |
| | ) | |
| CITY OF RICHMOND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT POSITION ON COMPANION CASE 3:25CV-956

## SUMMARY

1. The parties met as ordered by the Court to discuss the position of the parties with regard to the disposition of case 3:25cv-956 (2ndsecond case) as it relates to the instant cast 3:23cv-475 (instant case)[1]. The parties broadly agree that the two cases should be consolidated in accordance with Fed. R. Civ. P. 42(a) because they involve the same issues of law and fact and doing so is in the best interest of judicial economy. This Court considered some, but not all, of the factual allegations raised in the Memorandum Opinion, ECF No. 33, issued on 16 September 2025 in response to Defendant's Mot. To Dismiss. The parties may have disagreement regarding the relevance or significant facts of the case, however, that minor disagreement does not warrant the Court allowing the two cases to proceed independently.

## PROCEDURAL HISTORY

2. Complainant here adopts and incorporates by reference the procedural history described in

[1] "ECF 1," from 3:35cv-956, the complaint from the companion case is attached as an exhibit to this motion for clarity of the record and potential resolution of future confusion.

the second case, of which paragraphs 10-15 are here reproduced *verbatim* as paragraphs 3-8:

3. On November 22, 2022, Plaintiff first submitted a Charge of Discrimination with the EEOC under Agency Case No. 438-2023- 00359 (the “First Charge”), complaining that Plaintiff was discriminated and retaliated against based on race, color, and national origin; had been exposed to a hostile work environment; and retaliated against for engaging in EEO protected activity. Later Plaintiff amended the First Charge in December 2022 and in March 2023, and finally the EEOC portal worked and accepted Plaintiff's First Charge officially.

4. On or after April 27, 2023, Plaintiff received a Notice of Right to Sue ("First NRS") from the EEOC, and less than 90 days upon receipt of NRS, on July 26, 2023, Plaintiff timely filed her Complaint, *pro se*, against Defendant, before the U.S. District Court for the Eastern District of Virginia, Civil Action No. 3:23-cv-475, which was later amended on February 11, 2025 which is still pending ("Pending Case") [instant case].

5. Then on April 27th and June 3rd, 2024, Plaintiff submitted additional charge of discrimination, retaliation, and hostile work environment against Defendant to EEOC staff, Ms. Laketa Banks and EEOC Director and on the EEOC portal, however, the portal was not working, and charge could not be saved. Then Plaintiff submitted additional charges of discrimination, retaliation and hostile work environment (including hostile treatment, retaliation, and discrimination at the maintenance building, and Kenya Peterson's discrimination and hostile treatment against Plaintiff) with the EEOC in December 2024 and was interviewed by Mr. Deandre Whitehurst (EEOC) in the same month. Finally, on January 27, 2025, after unable to save the charges for many times, Plaintiff's charges was officially accepted by EEOC, which was Charge No. 438-2024-01500 ("Second Charge") where Plaintiff complained that Plaintiff continued to be discriminated and retaliated against by the

Defendant based on race, color, and national origin; continued to be exposed to a hostile work environment; and continued to be retaliated against for engaging in EEO protected activity after the First Charge. In the Second Charge, EEOC allowed Plaintiff to include all the charges that Plaintiff submitted in April, 2024 and June, 2024, since the EEOC Portal was not working both times when Plaintiff submitted the charges.

6. On or after August 20, 2025, Plaintiff received a Notice of Right to Sue letter from the EEOC for her Second Charge ("Second NRS"), requiring her to file suit related to the Second Charge on or before November 18, 2025.
7. On August 29, 2025, Plaintiff moved in her Pending Case pursuant to Fed. R. Civ. P. 15(d) to supplement her pleadings to add the Second NRS ("Motion"). On September 22, 2025, Defendant filed a response expressly not opposing Plaintiff's request to supplement her pleadings to "reflect that she filed a second charge of discrimination with the EEOC on January 27, 2025, and that the EEOC issued its Notice of Right to Sue letter from the second charge on August 20, 2025".
8. However, as of the date of this [second] Complaint, the Court has not ruled on the Motion. Given the statutory requirement requiring Plaintiff to file a Complaint within ninety (90) days of her receipt of the Second NRS, and *out of an abundance of caution* to preserve those claims arising out of the Second Charge, Plaintiff files this [second] Complaint [second case]. (emphasis added).
9. On 20 November 2025, Plaintiff's Attorney filed a motion to withdraw, ECF No. 38.
10. On 30 November 2025, the undersigned counsel filed a notice of appearance, ECF No. 39.
11. On 8 December 2025, this Court granted the former attorney's motion to withdraw, ECF No. 41.

12. On 10 December 2025, the parties attended a pretrial conference wherein the Court ordered the parties to meet and file this response not later than 29 December 2025, ECF No. 43.

## POSITION OF THE PARTIES.

*Plaintiff*

13. Plaintiff does not object to merging the two actions in the interest of judicial economy. Plaintiff specifically requests the following:

   a. That the Court find that the matters filed in the second case were filed timely, and to the extent it becomes relevant, that the requirement for administrative exhaustion has been met, should the Court find that any of the allegations made in the second case form sufficient basis for an independent incident of harassment, discrimination, and/or hostile work environment based on Plaintiff's race, national origin, color, and/or gender (any prohibited basis); and should the Court find that any of the allegations made in the second case form sufficient basis for an independent incident of retaliation based on Plaintiff's EEOC complaint and/or discrimination lawsuit(s) for the instant case and/or internal EEO complaint to the City's EEO Department.

   b. That the Court, consistent with the Memorandum Opinion (ECF No. 33), consider the facts alleged in the pleadings as additional evidences of harassment, discrimination, retaliation, reprisal, and/or hostile work environment in support of Counts One (ECF No. 33, at 16), Counts Two (ECF No. 33, at 22), Three (ECF No. 33 at 26), and Four (ECF No. No. 33 at 30) of her claims, subject to contingencies of proof.

   c. Issue a ruling on Plaintiff's Motion For Leave Of Court To Supplemental Pleadings (ECF No. 31) finding that the motion has been mooted by the Court's Memorandum of Opinion (ECF No. 33) and the position of the Plaintiff stated herein, consenting to the

consolidation of her two complaints subject to the requests stated in para. 13.a and 13.b above.

*Defendant*

14. Defendant City of Richmond was provided with a draft of this position statement and agrees the two actions should be consolidated into one action. However, the Defendant disagrees that all the new allegations presented in the second case meet the requirements of administrative exhaustion as there are several claims raised in the second case that were not presented in either of the EEOC charges submitted by Plaintiff. Thus, the Defendant would respectfully request that before entering an Order finding the requirement for exhaustion was met, the Court first ask Plaintiff to identify which paragraphs in the second case that were not outlined in the last amended complaint in the instant action she wishes to raise going forward. The Defendant would also respectfully request to file a supplemental answer to address those paragraphs identified by Plaintiff, and to the extent necessary, an opportunity to raise any additional defenses that may be available as it relates to those specific paragraphs.

**LAW**

15. All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay, Fed. R. Civ. P. 42(a), and consolidation should be upheld unless there has been a clear abuse of discretion, *EPA v. City of Green Forest, Arkansas*, 921 F.2d 1394, 1402 (8th Cir. 1990). Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed. R. Civ. P. 42(b). *EEOC v. HBE Corp.*, 135 F.3d 543, 550-51 (8th Cir. 1998).

16. The two cases being considered for consolidation have the same parties, same general

cause of action, common witnesses, and concurrent/overlapping damages. Consolidation may be achieved by motion of either party or *sua sponte* by the Court. Fed. R. Civ. P. 42(a).

## ARGUMENT

17. This motion comes before the Court as a joint motion from the parties in accordance with the rule.
18. The parties agree that the two cases involve the same issues of law and fact and that neither party will suffer inefficiency, inconvenience, or unfair prejudice.

## PRAYER FOR RELIEF

19. The parties request that this Court consolidate 3:25cv-956 and 3:23cv-475 in accordance with Fed. R. Civ. P. 42(a) and applicable precedent.

Respectfully submitted,

/s/
S. M. Griffin
VA 87585
Attorney For Mrs. Surani Olsen
The Griffin Law Firm, PLLC
999 Waterside Dr.
Suite 2500
757-434-0198
marshall@griffinlawdefense.com

## CERTIFICATE OF SERVICE

I hereby certify that on 29 December, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

Date: December 29, 2025

/s/
S. M. Griffin
VA 87585

Attorney For Mrs. Surani Olsen
The Griffin Law Firm, PLLC
999 Waterside Dr.
Suite 2500
757-434-0198
marshall@griffinlawdefense.com